AUTREY CANADATE,

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER ADOPTING REPORT, DENYING CERTIFICATE OF APPEALABILITY, AND  CLOSING CASE

THIS CAUSE is before the Court on the Report and Recommendation [DE-9] of

Magistrate Judge Turnoff, in which he recommends that Movant's Motion to Correct Sentence

Pursuant to 28 U.S.C. § 2255 [DE-1] be denied.  The Report and Recommendation (Report)

found that, despite the holding in *Johnson v. United States*, 135 S. Ct. 2551(2015), Movant still

has the necessary three predicate offenses to qualify for a sentence enhancement under the Armed

Career Criminal Act (ACCA).  Movant has filed objections.  As set forth below, Movant's

objections are overruled because this Court must follow existing Eleventh Circuit precedent,

which classifies Movant's convictions for attempted armed robbery and aggravated assault as

crimes of violence under the ACCA.

At the time Movant was sentenced, he had four predicate offenses: (1) possession with

the intent to distribute or sell cocaine; (2) attempted armed robbery; (3) aggravated assault with a

firearm, and (4) possession with the intent to distribute or sell cocaine.  Movant's objections

focus on the attempted armed robbery conviction and the aggravated assault with a firearm

conviction.  The objections argue that neither conviction qualifies as a crime of violence after

*Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the ACCA's residual clause unconstitutionally vague.[1] The Movant's objections are overruled for the reasons set forth below.

*A. The Attempted Armed Robbery Conviction*

First, as to the attempted armed robbery conviction, the case law in the Eleventh Circuit is clear: Florida armed robbery is a violent felony under the elements clause of the ACCA. *See United States v. Fritts*, 841 F.3d 937, 943-44 (11th Cir. 2016); *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006). Furthermore, the attempt to commit a violent crime itself constitutes a crime of violence. *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011). Thus, the law in the Eleventh Circuit clearly holds that Movant's conviction for Florida attempted armed robbery qualifies as a violent felony under the elements clause of the ACCA.

In his objections, Movant relies on a recent decision from the Ninth Circuit, *United States v. Geozos*, 870 F.3d 890 (9th Cir. 2017), which directly contradicts the Eleventh Circuit, for the proposition that Florida robbery does not qualify as a violent felony under the ACCA. Unfortunately for Movant, this Court is bound to follow the Eleventh Circuit. Consequently, the *Geozos* decision offers Movant no relief and Movant's objection is overruled. Accordingly, Movant's Florida attempted armed robbery conviction is a violent felony under the ACCA and, therefore, Movant has the necessary three predicate convictions to support the sentencing enhancement he received.

*B. The Aggravated Assault Conviction*

Because Movant has three predicate convictions, the Court need not address whether Movant's aggravated assault conviction also qualifies as a violent felony under the ACCA.

---

[1]Movant concedes that his two drug convictions are predicate offenses under the ACCA.

2

However, as the Report finds, Movant's aggravated assault conviction also qualifies as a violent felony under the ACCA. In reaching this conclusion, the Magistrate Judge relied on *Turner v. Warden, Coleman FCI,*, which held:

> by its definitional terms, [aggravated assault] necessarily includes an assault, which is "an intentional, unlawful threat by word or act *to do violence* to the person of another, coupled with an apparent ability to do so." [Fla. Stat. § 784.011(1)] (emphasis supplied). Therefore, a conviction under section 784.021 will always include "as an element the . . . threatened use of physical force against the person of another," § 924(e)(2)(B)(i), and [a] conviction for aggravated assault thus qualifies as a violent felony for purposes of the ACCA.

709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 135 S. Ct. 2551. Movant objects to the conclusion that his aggravated assault conviction also qualifies as a violent felony. Movant maintains that the *Turner* Court failed to consider Florida courts' construction of the elements of aggravated assault and, thus, *Turner* was wrongly decided. The Eleventh Circuit, however, continues to recognize *Turner* as binding precedent. *See United States v. Kelly*, 697 Fed. App'x 669, 670 (11th Cir. 2017); *United States v. Golden*, 854 F.3d 1256 , 1257 (11th Cir. 2017). As stated above, this Court is bound to follow the Eleventh Circuit. Thus, Movant's aggravated assault conviction also qualifies as a crime of violence under the ACCA. Consequently, Movant's objection is overruled.

*The Court Will Not Issue A Certificate of Appealability*

The Court will deny issuance of a certificate of appealability for Movant's motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on his first motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Movant has not made this showing. Thus, having carefully reviewed, *de novo*, Magistrate Judge Turnoff's Report, the record, and Movant's objections, it is

ORDERED that:

(1) The above-mentioned Report and Recommendation [DE-9] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order.

(2) Movant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE-1] is DENIED.

(3) Movant's Objections [DE-12] are OVERRULED.

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT.

(5) The Court will not issue a Certificate of Appealability.

(6) This case is CLOSED.

DONE and ORDERED in Miami, Florida this 21st day of November, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record
      Magistrate Judge Turnoff

4